UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Advanced Coatings International, Inc., | ) | CASE NO: 5:11CV2107 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Florida CirTech, Inc., | ) | (Resolving Doc. 9) |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant Florida CirTech, Inc.'s motion to dismiss Plaintiff Advanced Coatings International, Inc.'s complaint. Having reviewed the pleadings, briefs, and applicable the law, the Court hereby GRANTS the motion to dismiss.

**I. Facts**

Plaintiff Advanced Coatings International, Inc. ("ACI") filed this action against Defendant Florida CirTech, Inc. ("FCT") on October 5, 2011. The complaint alleges two causes of action, an aiding and abetting a breach of fiduciary duty claim and a civil conspiracy claim. On November 22, 2011, FCT moved to dismiss the complaint. On December 22, 2011, ACI opposed the motion, and on January 11, 2012, FCT replied in support of the motion. The Court then conducted a case management conference on January 30, 2012. Based upon the facts and argument heard during the conference, the Court indicated that the matter would not proceed forward with discovery until the motion to dismiss was resolved. The Court now resolves the motion to dismiss.

## II. Legal Standard

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor.  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)).  This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations.  *Id*.  Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.  *Id.*  Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements

2

to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

**III. Analysis**

For its first cause of action, ACI contends that FCT aided and abetted ACI's former shareholder, Steven Johnson, in breaching his fiduciary duty. While raising numerous arguments, FCT first contends that Ohio law does not recognize such a cause of action. The Court agrees.

In support of this claim, ACI relies upon *Aetna Casualty and Surety Co. v. Leahey Construction Co.*, 219 F.3d 519 (6th Cir. 2000) for the proposition that Ohio would recognize such a cause of action. In *Aetna,* the Sixth Circuit concluded that the Supreme Court of Ohio would likely recognize aiding-and-abetting liability. Ohio state courts failed to follow suit, and six years later, the Sixth Circuit expressed doubt about its prior predictive ruling. In *Pavlovich v. National City Bank*, 435 F.3d 560 (6th Cir. 2006), the court rejected a claim of aiding and abetting against a bank both because "Ohio law is unsettled whether this cause of action exists" and because the plaintiff could not establish a prima facie case. *Id.* at 570 (citing *Federated Mgmt. Co. v. Coopers & Lybrand*, 137 Ohio App.3d 366, 738 N.E.2d 842, 853 (2000) ("Ohio does not recognize a claim for aiding and abetting common-law fraud.")). A colleague on this Court recently explained the impact of *Pavlovich* on *Aetna* as follows:

> While several district courts since the *Aetna* case have held they are bound by the predictive holding of the Sixth Circuit in Aetna, a plain reading of *Pavlovich*, a subsequent opinion by the Sixth Circuit, renders such predictive precedent null. In *Pavlovich*, the Sixth Circuit expressly held,
>
>> Ms. Pavlovich's final allegation is that the Bank aided and abetted the tortious conduct of Cashel and others generally by executing Cashel's instructions to transfer money from

3

> her custodial account. **This claim also must fail because Ohio law is unsettled whether this cause of action exists and**, regardless, Ms. Pavlovich cannot establish a prima facie case.

*Pavlovich* at 570 (Emphasis added).

> Therefore, the precedent squarely before the Court is that an aiding and abetting claim based on Ohio law "must fail" because the law is unsettled. As this Court reads *Pavlovich*, which postdates *Aetna*, the Sixth Circuit considered *Aetna*, and yet still dismissed the aiding and abetting claim. The Sixth Circuit recognized that, based on post-*Aetna* Ohio appellate court decisions, Ohio has not recognized a cause of action for aiding and abetting. Thus, the predictive holding of *Aetna* is no longer controlling precedent in light of intervening Ohio appellate decisions as interpreted by *Pavlovich*.

*William D. Mundinger Trust v. Zellers*, 2012 WL 1564548, at *9 (N.D.Ohio Apr. 30, 2012). The Court agrees with the above analysis. As Ohio law is unsettled surrounding this claim, dismissal is proper.

FCT next challenges the civil conspiracy claim, alleging that the complaint with respect to this claim contains merely labels and conclusions. The Court agrees.

Under Ohio law,

> [t]he elements of a civil conspiracy claim are: "(1) a malicious combination, (2) involving two or more persons, (3) causing injury to person or property, and (4) the existence of an unlawful act independent from the conspiracy itself." *State ex rel. Fatur v. Eastlake*, 11th Dist. No.2009–L–037, 2010–Ohio–1448, ¶ 45, quoting *Gibson v. City Yellow Cab Co.* (Feb. 14, 2001), 9th Dist. No. 20167, 2001 WL 123467 (Feb. 14, 2001). "An underlying tort is necessary to give rise to a cause of action for conspiracy." *Ohio Ass'n of Pub. School Emps./AFSCME Local 4, AFL–CIO v. Madison Local School Dist. Bd. Of Edn.*, 190 Ohio App.3d 254, 2010–Ohio–4942, 941 N.E.2d 834, ¶ 62 (11th Dist.) quoting *Stiles v. Chrysler Motors Corp.* (1993), 89 Ohio App.3d 256, 266, 624 N.E.2d 238 (6th Dist.1993).

*Cook v. Kudlacz*, 2012 WL 2520923, at *17 (Ohio App. Ct. June 28, 2012).

ACI's complaint with respect to the civil conspiracy claim reads as follows:

> 55. ACI incorporates by reference, as if fully rewritten herein, each and every allegation of paragraphs 1 through 54 of its Complaint.
>
> 56. Upon information and belief, Johnson and Florida CirTech acted in concert in furtherance of Johnson's plans to acquire certain ACI's assets to the wrongful exclusion of ACI and its shareholders.
>
> 57. Upon information and belief, Johnson wrongfully transferred to Genesis certain ACI's assets that were owned by ACI, and for which Johnson did not have authorization from ACI to transfer.
>
> 58. Upon information and belief, Johnson wrongfully shared confidential and proprietary information and assets belonging to ACI with Florida CirTech and Margida and Genesis in order to allow Genesis to acquire certain ACI assets from the receiver auction on or about March 14, 2008.
>
> 59. Upon information and belief, at all times relevant, Florida CirTech was aware that Johnson was not authorized to transfer the ACI assets that it received nor authorized to share confidential and proprietary ACI information to assist Genesis in acquiring ACI assets from the receiver auction.
>
> 60. Upon information and belief Florida CirTech acted purposefully and maliciously with the intent to harm ACI and its shareholders through Johnson's breach of fiduciary duty and his, Melody Johnson's, and Genesis' acts of conversion and wrongful disclosure of confidentiality and proprietary information.
>
> 61. As a direct and proximate cause of the wrongful acts of Florida CirTech, ACI has suffered damages, including the loss of certain valuable ACI assets.

Doc. 2 at 12-13.

Initially, the Court agrees with FCT that this claim must be dismissed solely based upon the fact that the underlying tort, aiding and abetting a breach of fiduciary duty, has been dismissed. "[A]n underlying unlawful act is required before a civil conspiracy claim can be successful." *Gosden v. Louis*, 116 Ohio App.3d 195, 219 (Ohio Ct. App. 1996). Above, the Court dismissed the sole underlying tort alleged by ACI, therefore the civil conspiracy claim must also fail.

Additionally, a civil conspiracy claim "must be pled with some degree of specificity, and vague or conclusory allegations that are unsupported by material facts will not be sufficient to state a claim." *Ghaster v. City of Rocky River*, 2010 WL 2802685, at *11 (N.D.Ohio May 12, 2010) (quoting *Avery v. City of Rossford*, 145 Ohio App.3d 155, 165 (Ohio Ct.App. 2001)).  As detailed above, ACI makes the conclusory allegation that FCT acted in concert with Johnson to breach his fiduciary duty.  As to how ACI acted in concert, or when they acted in concert, or what specific actions were taken in concert with Johnson, the complaint is devoid of information.  Perhaps the only arguable paragraph that contains allegations is paragraph 58 that alleges that Johnson shared confidential and proprietary information with FCT.  However, again, the complaint's paragraphs containing this claim fail to allege what this information was or when it was shared.   Thus, it falls well short of the pleading requirements.

The Court would note that ACI also relies upon other paragraphs in the complaint, presumably under the theory that it incorporated those paragraphs into this cause of action by reference.  However, the Court has time and again counseled litigants that such incorporation by reference is insufficient.  If specific facts support a particular cause of action, those facts must be stated within that cause of action.  For example, paragraph 23 states that Johnson met with FCT on December 20, 2007 to disclose patented technology, trade secrets, and sales strategies.  For whatever reason, ACI chose not to state this specific fact in its civil conspiracy claim.

The Court, however, notes that even incorporating those paragraphs would not save the complaint from dismissal.  In its entirety, the complaint alleges that Johnson was breaching his fiduciary duties and that FCT was aware of that fact.  Even assuming that

6

such was true, there are no further material allegations that would support a claim of civil conspiracy against FCT.  Accordingly, the motion to dismiss is well taken.

The Court would also note that while it will not engage in a formal analysis, it also finds well taken FCT's argument that Johnson is a necessary party to these proceedings.  The sole count in the complaint recognized by Ohio law, the civil conspiracy claim, requires a finding that Johnson breached his fiduciary duties.  To proceed with the matter without Johnson would significantly impair his ability to protect his interests.  However, as this matter is being dismissed, the Court need not order that ACI add him or risk dismissal.

Finally, the Court would note that the Court finds it unlikely that the complaint has properly alleged any cognizable legal damages.  ACI effectively alleges that Johnson breached his duties to it by conspiring with FCT to form another entity and then purchase ACI's assets.  However, ACI concedes that its assets were properly sold by a court appointed receiver.  Moreover, ACI makes no allegations that Johnson's actions caused ACI to become insolvent.  Thus, ACI's claims that it could have conceivably gained other investors or worked out some alternative to the receiver's sale appear highly speculative.  Again, however, the Court need not formally reach this issue to dismiss the matter.

    **IV.**    **Conclusion**

FCT's motion to dismiss is GRANTED.  This matter is hereby DISMISSED.

IT IS SO ORDERED

July 27, 2012                                         /s/ *Judge John R. Adams*
Date                                                     JUDGE JOHN R. ADAMS
                                                             UNITED STATES DISTRICT COURT